IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS DANIEL ORELLANA LOPEZ,           )
                                         )
        Petitioner,                      )
                                         )
    v.                                   )          1:26-cv-5 (LMB/WBP)
                                         )
KRISTI NOEM, et al.,                     )
                                         )
        Respondents.                     )

ORDER

Petitioner Carlos Daniel Orellana Lopez ("Orellana Lopez"), a native and citizen of Honduras, has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since September 8, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates 8 U.S.C. § 1226(a) (Count II), his due process rights (Count III), and the Immigration and Nationality Act (Count IV). Orellana Lopez also requests this Court issue a declaratory judgment that he is not an "arriving alien" or "seeking admission" (Count I).

Orellana Lopez is currently detained at the Caroline Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline Detention Center. Orellana Lopez has also sued Kristi Noem, the DHS Secretary; Todd Lyons, the Acting Director of U.S. ICE; Pamela Bondi, the Attorney General; and Russell Hott, the Field Office Director of the Washington Field Office of U.S. ICE (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Orellana Lopez is

detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Orellana Lopez has resided in the United States since 2018. [Dkt. No. 1] at ¶ 17. He entered the United States as a minor with his mother, and the two of them have been living in Reston, Virginia ever since. [Dkt. No. 7] at ¶ 3. His brother also lives in the United States. Id. at ¶ 7. Orellana Lopez works two jobs to support his family: he has been working at a construction contractor for two years, as well as a fast-casual restaurant for the past six months. Id. at ¶¶ 4-5. He also regularly attends church in Sterling, Virginia. Id. at ¶ 6. Orellana Lopez's friends and family have described him as being "very dedicated to his family and his work." Id. at Ex. A. Although Orellana Lopez has a criminal history, all of his criminal charges have been Nolle Prossed.[2] [Dkt. No. 9] at 1.

On November 16, 2018, shortly after Orellana Lopez entered the United States, ICE officers confirmed he was "present in the United States without being admitted or paroled." [Dkt. No. 4-1] at ¶ 6. Orellana Lopez was released from ICE custody and given a future check-in date. Id. On March, 18, 2019, Orellana Lopez was issued a Notice to Appear ("NTA"), which charged him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i); he was subsequently placed into removal proceedings in a consolidated proceeding with his mother. Id.

_____

[1] Because the Court is granting relief on due process grounds, it need not address Orellana Lopez's arguments based on 8 U.S.C. § 1226(a) or the Immigration and Nationality Act. It also need not address his request for declaratory judgment.

[2] Orellana Lopez's criminal charges include two felony offenses of robbery, a misdemeanor offense of petit larceny, a felony offense of burglary, and a misdemeanor offense of failure to appear. See [Dkt. No. 9] at 1-2.

at ¶ 7. On May 1, 2024, Orellana Lopez filed an independent application for relief from removal. Id. at ¶ 8. On September 8, 2025, petitioner was taken into civil immigration custody during a routine check-in.[3] [Dkt. No. 1] at ¶ 2. On October 30, 2025, the Immigration Court denied relief and ordered Orellana Lopez and his mother removed; the deadline to file an appeal was December 1, 2025. [Dkt. No. 4-1] at ¶ 12. On November 14, 2025, Orellana Lopez and his mother filed an appeal with the Board of Immigration Appeals ("BIA"); however, the BIA, on November 17, 2025, issued a filing receipt notifying him that his case had been severed from his mother's case.[4] Id. at ¶ 13. On November 20, 2025, Orellana Lopez filed his own appeal with the BIA but it was rejected on November 28, 2025. Id. at ¶ 14. On December 1, 2025, Orellana Lopez again tried to file an appeal with the BIA, but it was subsequently rejected on December 15, 2025. Id. ¶ 15. The BIA's reason for its rejection was for "duplicate submission[;]" based on that reasoning, petitioner believed that his appeal had been timely received by the BIA. [Dkt. No. 5] at ¶¶ 3-4. For any avoidance of doubt, Orellana Lopez filed another appeal with the BIA on January 12, 2026, and included a cover letter explaining why the December 15, 2025, rejection was improper, as well as a motion to accept a late filing. Id. at ¶ 4.

Orellana Lopez filed his Petition for Writ of Habeas Corpus on January 2, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or

---

[3] The federal respondents allege that Orellana Lopez was taken into custody "due to his criminal record," [Dkt. No. 4-1] at ¶ 9; however, upon further briefing at the request of this Court, the federal respondents stated that any offenses on Orellana Lopez's criminal history record were subsequently Nolle Prossed, and that the federal respondents "do not have records of any other criminal history or pending charges against [him] at this time[,]" [Dkt. No. 9].

[4] The federal respondents allege that on October 9, 2025, the Immigration Court ordered that petitioner's removal proceedings were severed from that of his mother's because petitioner was detained. [Dkt. No. 4-1] at ¶ 10. Orellana Lopez alleges that he was never notified of that decision. [Dkt. No. 5] at ¶ 1.

transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed an Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Opposition"), arguing that Orellana Lopez is subject to a final order of removal because of his failure to file a timely appeal, and his detention under 8 U.S.C. § 1231 is justified. [Dkt. No. 4] at 2.

Following the Court's January 28, 2026 Order requiring the parties to provide the Court with an update on whether Orellana Lopez's latest appeal has been accepted by the BIA, [Dkt. No. 10], the parties submitted a Joint Status Update and Federal Respondents' Notice of No Material Differences ("Notice"), [Dkt. No. 14]. Specifically, the Notice stated that Orellana Lopez's "appeal is currently pending before the Board of Immigration Appeals[,]" which means that petitioner "is currently not subject to an administratively final order of removal under 8 U.S.C. § 1231. Id. at ¶ 1. Furthermore, the Notice states that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta." Id. at ¶ 2. Accordingly, as the Court has done with other habeas petitions in which the federal respondents have indicated no material differences with Ceba Cinta, it will incorporate the filings in Ceba Cinta into the record of this habeas action. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

4

The central question posed in Orellana Lopez's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Orellana Lopez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[5] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges

---

[5] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

(until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and adopts the findings and conclusions in Hasan into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner almost always has been granted bond.[6]

---

[6] See Vargas Nunez v. Lyons, et al., 1:25-cv-1574, Dkt. No. 12 (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583, Dkt. No. 10 (same); Perez Bibiano v. Lyons, et al., 1:25-cv-1590, Dkt. No. 10 (same); Guerra Leon v. Noem, et al., 1:25-cv-1634, Dkt. No. 14 (same); Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (same); Hernandez Contreras v. Lyons, et al., 1:25-cv-2053, Dkt. No. 8 (same); Egoavil-Rojas v. Noem, et al., 1:25-cv-2113, Dkt. No. 10 (same); Reyes Alvarez v. Crawford, et al., 1:25-cv-2148, Dkt. No. 8 (same); Maya Torres v. Crawford, et al., 1:25-cv-1891, Dkt. No. 12 (same); Salinas Hernandez v. Bondi, et al., 1:25-cv-2356, Dkt. No. 7 (same); Chaver Molina v. Bondi, et al., 1:25-cv-2395, Dkt. No. 7 (same); Gomez Alonzo v. Simon, et al., 1:25-cv-1587, Dkt. No. 20 ($1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816, Dkt. No. 16 ($5,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 13 ($1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872, Dkt. No. 16 ($8,000 bond); Mata v. Bondi, et al., 1:25-cv-2089, Dkt. No. 9 ($5,000 bond); Nina Cayllahua v. Lyons, et al., 1:25-cv-2096, Dkt. No. 7 ($5,000 bond); Perez Amaya v. Lyons, et al., 1:25-cv-2051, Dkt. No. 10 ($1,500 bond); Hernandez Marquez v. Lyons, et al., 1:25-cv-2056, Dkt. No. 13 ($3,000 bond); Castro Merida v. Noem, et al., 1:25-cv-2261, Dkt. No. 13 ($1,500 bond); Chavez Garay v. Perry, et al., 1:25-cv-2215, Dkt. No. 9 ($5,000 bond); Garcia Claros v. Lyons, et al., 1:25-cv-2275, Dkt. No. 8 ($5,000 bond); Leon Utrera v. Simon, et al., 1:25-cv-2273, Dkt. No. 7 ($5,000 bond); Damian v. Lyons, et al., 1:25-cv-2318, Dkt. No. 7 ($3,000 bond); Chicas Tejada v. Lyons, et al., 1:25-cv-2109, Dkt. No. 9 ($25,000 bond); Mendoza Gonzalez v. Simon, et al., 1:25-cv-2260, Dkt. No. 8 ($4,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929, Dkt. No. 12 (bond denied); Martinez Villanueva

Orellana Lopez has been present in the United States since 2018. [Dkt. No. 1] at ¶ 17. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Orellana Lopez's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Orellana Lopez's continued detention is unlawful.

### III.

For all these reasons, Orellana Lopez's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

ORDERED that Orellana Lopez be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Orellana Lopez must live at a fixed address which he must provide to the federal respondents; and it is further

ORDERED that respondents provide Orellana Lopez with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Orellana Lopez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

---

v. Crawford, et al., 1:25-cv-2175, Dkt. No. 7 (same); Osorio Romero v. Noem, et al., 1:25-cv-2159, Dkt. No. 10 (same); Catalan Luna v. Noem, et al., 1:25-cv-2355, Dkt. No. 8 (same); Najarro Ramos v. Lyons, et al., 1:25-cv-2378, Dkt. No. 7 (same).

ORDERED that, if Orellana Lopez is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[7]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Orellana Lopez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Orellana Lopez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 5 day of February, 2026.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge

---

[7] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.